# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| Natalie Hill,<br><br>　　Plaintiff,<br><br>v.<br><br>Gateway Recovery Associates, Inc.,<br><br>　　Defendant. | Case No.:<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

3. As described below, Defendant attempted to collect from Plaintiff a "debt" as defined by 15 U.S.C. §1692a(5).

4. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

5. On or around August 17, 2010, Defendant telephoned Plaintiff's sister ("Lynette") in connection with the collection of the debt.

6. During this communication, Defendant left a voice message saying that Plaintiff was the subject of an investigation and requesting that Lynette return Defendant's call to discuss Plaintiff's whereabouts.

7. After receiving this message, Lynette telephoned Plaintiff and provided her with Defendant's telephone number.

8. Plaintiff then telephoned Defendant that same day.

9. During this communication, Plaintiff instructed Defendant to never again call her sister Lynette about the debt.

10. During this communication, Defendant falsely represented that the debt could not be discharged in bankruptcy.

11. During this communication, Defendant falsely represented that Plaintiff would be arrested if she failed to pay Defendant.

12. On or around September 1, 2010, Defendant telephoned Lynette at her place of employment.

13. During this communication, Defendant told Lynette that Plaintiff did not pay her bills.

14. During this communication, Defendant falsely represented to Lynette that Plaintiff would be arrested unless Lynette paid Defendant to resolve Plaintiff's debt.

15. As a result of this threat, Lynette provided Defendant with her bank account information so that Plaintiff would not be arrested.

16. On or around September 1, 2010, after learning about this communication from Lynette, Plaintiff telephoned Defendant.

17. During this communication, Plaintiff informed Defendant again that it did not have Plaintiff's permission to communicate with Lynette and that it did not have permission to debit any funds from Lynette's bank account.

18. On or around September 7, 2010, Defendant debited $157 from Lynnette's bank account despite Plaintiff's instructions to the contrary

19. Defendant caused Plaintiff emotional distress.

20. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

29. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

30. Plaintiff prays for the following relief:

    a.  Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: <u>s/ Timothy J. Sostrin</u>
    Timothy J. Sostrin, attorney-in-charge
    IL Bar # 6290807
    SD Texas Bar # 980881
    233 S. Wacker Drive, Suite 5150
    Chicago, IL 60606
    Telephone: 866-339-1156
    Email: tjs@legalhelpers.com
    Attorneys for Plaintiff